**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEBORAH BELINDA JACKSON,  )
          Plaintiff,  )
                             )  Case No.: 2:23-cv-00878-GMN-MDC
vs.  )
                             )  **ORDER GRANTING MOTION TO**
BOYD GAMING,  )  **DISMISS**
          Defendant.  )

*Pro se* Plaintiff Deborah Belinda Jackson stayed at a hotel owned by Defendant Coast Hotels and Casinos, Inc. d/b/a Gold Coast Hotel and Casino (incorrectly named as "Boyd Gaming Corporation Gold Coast Casino Resort") where she was allegedly bitten by bed bugs. (Compl., ECF No. 3). She sued Defendant in this Court for negligence, alleging she suffered mental and physical damages amounting to $500,000.00.[1] (*Id.*). Defendant now moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Mot. Dismiss, ECF No. 18).[2] The Court **GRANTS** Defendant's Motion to Dismiss because the Court lacks subject matter jurisdiction.[3]

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations

---

[1] Although Plaintiff requests $500,000.00 in damages, Plaintiff left the amount in controversy section of the Complaint blank. (*See* Compl. at 3–4).

[2] Plaintiff filed a Response, (ECF No. 21), to which Defendant filed a Reply, (ECF No. 23). Plaintiff additionally filed two memoranda, (ECF Nos. 24, 28), and two additional responses, (ECF Nos. 25, 27). Defendant filed an additional reply to these filings. (ECF No. 26). The parties did not request, and the Court did not grant, leave to file additional briefing on this matter. In light of Plaintiff's *pro se* status, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] Because the Court lacks subject matter jurisdiction, the Court need not and cannot reach the merits of Defendant's motion to dismiss for failure to state a claim.

omitted). Jurisdiction can be based on the existence of a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

No federal question exists in this negligence case. Accordingly, the Court may only hear this case if the requirements for diversity jurisdiction are met. "District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. 1332(a)). The party with the burden of proof must provide specific, factual allegations showing how the case in controversy exceeds $75,000.00. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91.

As a preliminary matter, complete diversity of citizenship is not in dispute.[4] (*See generally* Compl.; Mot. Dismiss). But aside from Plaintiff's conclusory allegation of damages amounting to $500,000.00, the amount in controversy does not appear to exceed $75,000.00. The only specific, factual allegations demonstrating the amount in controversy before the Court is a letter stating that Plaintiff incurred $2,440.00 in medical expenses. (Ex. B to Mot. Dismiss, ECF No. 18-2). Nothing in Plaintiff's Response or other filings before this Court attempts to explain the basis for the remaining $72,560.00 in damages necessary for diversity jurisdiction. Because Plaintiff has not demonstrated that the amount in controversy exceeds $75,000.00, the Court must dismiss this case for lack of subject matter jurisdiction.[5]

---

[4] Plaintiff is a citizen of Kansas, and Defendant is a citizen of Nevada.

[5] Plaintiff asks the Court to "direct her to the proper court if this is not the proper court for Plaintiff to file Plaintiff's complaint." (ECF No. 27). State court is not subject to the same jurisdictional requirements as federal court.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 18), is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Court kindly requests that the Clerk of Court close this case.

**DATED** this __2__ day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT